The plaintiffs brought this action in the Superior Court seeking injunctive relief and a declaratory judgment that the defendants' tax assessment and valuation of their recreational land (and that of at least one other landowner) constituted illegal taxation. In a comprehensive written decision, a Superior Court judge allowed the defendants' motion to dismiss, because the plaintiffs had failed to exhaust their administrative remedies before filing suit. Specifically, the judge reasoned that, since the "gravamen of [the plaintiffs'] complaint sounds in the valuation of their own property," the proper avenue for relief was the administrative tax grievance procedure established by G. L. c. 61B, § 14.[4] On appeal, the plaintiffs claim this case fits within an exception to the general requirement that administrative remedies be exhausted before a claim can be brought in the Superior Court. We disagree and affirm.
Discussion. We review the allowance of a motion to dismiss de novo, "look[ing] beyond the conclusory allegations in the complaint and focus[ing] on whether the factual allegations plausibly suggest an entitlement to relief." Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). "As a general rule, where an administrative procedure is available, we require a party seeking declaratory relief first to exhaust the opportunities for an administrative remedy." DeMoranville v. Commissioner of Rev., 457 Mass. 30, 34 (2010), quoting from Space Bldg. Corp. v. Commissioner of Rev., 413 Mass. 445, 448 (1992). Here, it is undisputed that the plaintiffs did not initiate administrative proceedings before the board of assessors of Seekonk and, subsequently, the Appellate Tax Board, until after they had filed their complaint in Superior Court. Under such circumstances, where "the entire controversy is within the exclusive jurisdiction of an administrative agency, the doctrine [of primary jurisdiction] ordinarily results in the dismissal of judicial proceedings begun without prior resort to the agency." J. & J. Enterprises v. Martignetti, 369 Mass. 535, 540 (1976).
Only if such administrative remedy is "seriously inadequate" may a party bypass the administrative process and proceed directly to the Superior Court. DeMoranville, supra. Serious inadequacy in the context of property taxation may be established by alleging a pervasively unlawful assessment scheme. See Bettigole v. Assessors of Springfield, 343 Mass. 223, 236 (1961) ("Where every assessment has been made on a wrong basis, the defects in the scheme cannot be cured by the sporadic correction of individual assessments" [emphasis supplied] ).
The plaintiffs argue that the Superior Court had jurisdiction in this case because the claims fall within the Bettigole exception. We disagree. Unlike in Bettigole, the plaintiffs' complaint did not allege a comprehensive, fundamentally flawed assessment scheme affecting the valuation and taxation of all properties in the municipality.[5] Rather, the gravamen of the complaint alleged individualized claims that the defendants had incorrectly assessed the plaintiffs' property value as required by G. L. c. 61B. Accordingly, we discern no error in the judge's conclusion that, in these circumstances, the statutory administrative remedy available under G. L. c. 61B, § 14, was adequate to address the plaintiffs' claims. See DeMoranville, supra at 34-38. The order allowing the defendant's motion to dismiss for lack of jurisdiction was proper.[6]
Judgment affirmed.

General Laws c. 61B, § 14, inserted by St. 1979, c. 713, § 1, provides, in pertinent part:
"Any person aggrieved by any determination or assessment by the board of assessors under this chapter may within sixty days of the date of notice thereof apply in writing to the assessors for modification or abatement thereof. Any person aggrieved by the refusal of the assessors to modify such a determination or make such an abatement or by their failure to act upon such an application may appeal to the appellate tax board within thirty days after the date of notice of their decision or within three months of the date of the application, whichever date is later."

The Bettigole plaintiffs, in addition to demonstrating illegal taxation impacting their own individual properties, showed "a comprehensive and intentional scheme of disregarding determinations of fair cash value by disproportionate and discriminatory percentage adjustments of such value in computing [all] assessments," such that individualized administrative remedies were impractical. Bettigole, 343 Mass. at 233.

Because we discern no error in the dismissal for lack of jurisdiction, we need not address the plaintiff's argument regarding the class action allegations.